U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 30 P 4: 15

CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

PETER BOOTH,
LEXINGTON KENNEDY,
HENRY PRENSKY,
ROAN WADE, and
SHERRI WORMSER,
Defendants.

Docket No. 2:26-mj-186-1,2,3,4,5

**INFORMATION**

The United States of America charges:

*White Cap Business Park*

At all times relevant to this Information:

1. White Cap Business Park ("White Cap") is a multi-unit commercial property located at 426 Industrial Avenue in Williston, Vermont. White Cap is owned by White Cap Ventures LLC. White Cap contains a common atrium that is accessible only through interior doors connecting the atrium to tenant-occupied spaces.

2. Signs posted at various locations within and outside White Cap read:

**NOTICE – PRIVATE PROPERTY**
**NO TRESSPASSING / NO LOITERING**
**This building is intended for tenants and their invited clients & guests.**
**Unauthorized access is not permitted**
**.....**
**Unauthorized entry or remaining after notice**
**may be treated as Unlawful Trespass (13 V.S.A. § 3705)**

3. The United States Immigration and Customs Enforcement National Criminal Analysis and Targeting Center ("NCATC") is located within White Cap and is regularly occupied by federal employees. NCATC leases office space from White Cap Ventures LLC.

NCATC's office space is therefore a "federal facility" and "federal property" as defined by 6 C.F.R. § 139.15.

4. The NCATC entrances and exits, including doors to and from the White Cap atrium, are marked with signs indicating that the space is federal property:

**U.S. Government Property**

**.....**

**WARNING: Criminal offenses committed on these premises will be prosecuted under Federal Law.**

*February 9, 2026*

5. On or about February 9, 2026, a large group gathered at White Cap. White Cap property managers attempted to lock the doors to the White Cap atrium, however, individuals already within the atrium unlocked the doors and let additional individuals into the atrium. Approximately 40 individuals ultimately gathered inside the White Cap atrium.

6. PETER BOOTH, LEXINGTON KENNEDY, HENRY PRENSKY, ROAN WADE, SHERRI WORMSER, and others, positioned themselves in front of the doors between NCATC and the White Cap atrium, obstructing the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices.

7. The Vermont State Police responded to White Cap. At approximately 3:44 p.m., the Vermont State Police read a first dispersal order:

> The Vermont State Police have declared your presence inside 426 Industrial Ave, Williston, Vermont, to be in violation of Vermont Crimes and Criminal Procedures Title 13 Vermont Statutes Annotated Section 3705, and you are hereby asked to leave this building. You may be arrested or subject to other police action, regardless of your purpose, if you remain in the area just described, for a violation of 13 V.S.A. § 3705 or other applicable statute. The following routes of dispersal are available: follow the exit signs toward the rear of the building past the rear entrance to the café.

> There, you will find an option to exit into the side parking lot or the option to exit into the rear parking lot. You have 5 minutes to disperse.

8. At approximately 3:51 p.m., the Vermont State Police read a second dispersal order:

> The Vermont State Police has previously declared your presence inside 426 Industrial Avenue, Williston, Vermont, to be a violation of Vermont Crimes and Criminal Procedures Title 13 Vermont Statutes Annotated Section 3705. You have been previously asked to leave the premises. I hereby declare your presence is unlawful, and in the name of the Vermont State Police and the People of the State of Vermont, in accordance with 13 V.S.A. § 3705, command all those assembled inside 426 Industrial Avenue, Williston, Vermont to immediately disperse, which means to leave the building. You may be arrested or subject to other police action if you remain in the area just described, regardless of your purpose, for a violation of 13 V.S.A. § 3705 or other applicable statute. The following routes of dispersal are available: follow the exit signs toward the rear of the building past the rear entrance to the café. There, you will find an option to exit into the side parking lot or the option to exit into the rear parking lot. a. You have 5 minutes to disperse.

9. At approximately 4:01 p.m., the Vermont State Police read a third and final dispersal order:

> The Vermont State Police has previously declared your presence inside 426 Industrial Avenue, Williston, Vermont, to be a violation of Vermont Crimes and Criminal Procedures Title 13 VSA § 3705. You have been previously asked to leave the premises. If you do not immediately leave the area just described, regardless of your purpose, you will be arrested or subject to other police action for a violation of 13 V.S.A. § 3705 or other applicable statute. In response to any resistance, other police action could include the use of force, which may result in pain or injury or the use of chemical agents. The following routes of dispersal are available: follow the exit signs toward the rear of the building past the rear entrance to the café.

> There, you will find an option to exit into the side parking lot or the option to exit into the rear parking lot. You must leave immediately.

10. PETER BOOTH, LEXINGTON KENNEDY, HENRY PRENSKY, ROAN WADE, SHERRI WORMSER, and others, remained in front of the doors between NCATC and the White Cap atrium, continuing to obstruct the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices. By blocking the doors to NCATC, their presence impeded the ability of federal employees to enter and exit the federal facility, jeopardizing the safety of all employees within NCATC.

<u>*May 14, 2026*</u>

11. On or about May 14, 2026, a large group again gathered at White Cap. Approximately 25 individuals entered the White Cap atrium. PETER BOOTH, HENRY PRENSKY, and others, positioned themselves in front of the doors between NCATC and the White Cap atrium, obstructing the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices.

12. At approximately 10:52 a.m., the Vermont State Police read the dispersal order detailed in Paragraph 7. At approximately 10:58 a.m., the Vermont State Police read the dispersal order detailed in Paragraph 9.

13. PETER BOOTH and HENRY PRENSKY remained in front of the doors between NCATC and the White Cap atrium, continuing to obstruct the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices. By blocking the doors to NCATC, their presence impeded the ability of federal employees to enter and exit the federal facility, jeopardizing the safety of all employees within NCATC.

*July 24, 2026*

14. On or about July 24, 2026, at approximately 7:25 a.m., a large group again gathered at White Cap. Approximately 10 individuals entered the White Cap atrium.

15. LEXINGTON KENNEDY, ROAN WADE, and others, positioned themselves in front of the doors between NCATC and the White Cap atrium, obstructing the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices.

16. At approximately 9:36 a.m., the Vermont State Police read the dispersal order detailed in Paragraph 9.

17. LEXINGTON KENNEDY, ROAN WADE, and others, remained in front of the doors between NCATC and the White Cap atrium, continuing to obstruct the use, enjoyment, and access to NCATC, including entrances, exits, foyers, lobbies, corridors, and offices. By blocking the doors to NCATC, their presence impeded the ability of federal employees to enter and exit the federal facility, jeopardizing the safety of all employees within NCATC.

COUNT ONE

18. The allegations in paragraphs 1 through 10 are incorporated here.

19. On or about February 9, 2026, in the District of Vermont, the defendants, PETER BOOTH, LEXINGTON KENNEDY, HENRY PRENSKY, ROAN WADE, and SHERRI WORMSER, knowingly obstructed the usual use, enjoyment, and access to federal property, to wit, the United States Immigration and Customs Enforcement National Criminal Analysis and Targeting Center, located at 426 Industrial Avenue in Williston, Vermont, including entrances and exits, foyers, lobbies, corridors, and offices.

(40 U.S.C. § 1315; 6 C.F.R. § 139.35(d))

COUNT TWO

20. The allegations in paragraphs 1 through 4 and 11 through 13 are incorporated here.

21. On or about May 14, 2026, in the District of Vermont, the defendants, PETER BOOTH and HENRY PRENSKY, knowingly obstructed the usual use, enjoyment, and access to federal property, to wit, the United States Immigration and Customs Enforcement National Criminal Analysis and Targeting Center, located at 426 Industrial Avenue in Williston, Vermont, including entrances and exits, foyers, lobbies, corridors, and offices.

(40 U.S.C. § 1315; 6 C.F.R. § 139.35(d))

COUNT THREE

22. The allegations in paragraphs 1 through 4 and 14 through 17 are incorporated here.

23. On or about July 22, 2026, in the District of Vermont, the defendants, LEXINGTON KENNEDY and ROAN WADE, knowingly obstructed the usual use, enjoyment, and access to federal property, to wit, the United States Immigration and Customs Enforcement National Criminal Analysis and Targeting Center, located at 426 Industrial Avenue in Williston, Vermont, including entrances and exits, foyers, lobbies, corridors, and offices.

(40 U.S.C. § 1315; 6 C.F.R. § 139.35(d))

JONATHAN A. OPHARDT
First Assistant United States Attorney

NATHANAEL T. BURRIS
Assistant United States Attorney
Burlington, Vermont
September 30, 2026